# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LAMOND JOHNSON,<br>    Plaintiff, | Case No. 1:12-cv-216 |
| vs | Beckwith, J.<br>Wehrman, M.J. |
| C/O MEL SMITH, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this action against defendants Jason Joseph, Mel Smith, William Bauer, Officer Anderson, Linnea Mahlman, Gary C. Mohr, the State Highway Patrol, Use of Force Committee and the SOCF Medical Department. (Doc. 1). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint includes seven claims, naming defendants in their individual and official capacities. (Doc. 1, Complaint pp. 4-5). In claim one, plaintiff alleges excessive force against defendants Anderson and Smith. *Id.* at 5. Plaintiff alleges that on February 5, 2011, he was escorted from his cell by officer Anderson in connection with a search of his cell. *Id.* According to plaintiff, defendant Anderson put on his handcuffs and shackles too tight. *Id.* He further alleges that after being returned to his cell by defendants Joseph, Smith, and Anderson, defendant Smith stepped in front of him to block the entrance to his cell and punched him in the face two times. *Id.* Plaintiff indicates that defendant Smith stated that he punched him in retaliation for an "old threat." *Id.*

In claim two, plaintiff alleges that defendants Joseph, Smith, Mahlman, and Anderson

"acted under color of state law and conspired to conceal and cover up [the] assault by not reporting the assault or facial injury [and] then lied during the investigation stating no one hit me." *Id.* at 6.

In claim three, plaintiff alleges that defendants Joseph, Anderson and Smith failed to protect him from assault. *Id.*

In claim four, plaintiff alleges that defendants Mahlman, Smith, Anderson, and Joseph "showed deliberate indifference to [his] safety" by failing to take any disciplinary action and ignoring photographs of his injuries, eyewitnesses, his medical exam, and camera footage of the incident. *Id.* at 6-7.

In claim five and six, plaintiff alleges deliberate indifference to serious medical needs and conspiracy to commit harm, respectively. *Id.* at 7. In support of these allegations, plaintiff states that the Medical Department consistently lies about medical injuries in order to keep their costs down, avoid trips to the hospital, and protect guards from being fired. *Id.* He notes that his "injury was a[n] open wound and swollen" and alleges that defendant Medical Department failed to provide him with stitches. *Id.*

In claim seven, plaintiff alleges that SOCF's deliberate indifference to safety and conspiracy to commit harm "is an ongoing corrupt system wide pattern of abuse." *Id.* at 7-8. He alleges that Defendant Mohr condones the abusive behavior of SOCF guards and protects them. *Id.* Plaintiff further claims defendants Use of Force Committee and the State Highway Patrol are biased and are involved in a conspiracy to protect abusive prison guards. *Id.*

Liberally construed, plaintiff's complaint alleges a claim of excessive use of force by

4

defendants Anderson and Smith in violation of the Eighth Amendment. At this juncture, the Court concludes that this claim may proceed. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 642 (6th Cir. 2001) ("this circuit has noted that excessive force claims can be maintained for cuffing an individual's wrists too tightly"). Plaintiff's claim that defendants Joseph, Smith, Mahlman, and Anderson conspired to conceal and cover up the assault as well as his claim that defendants Joseph, Anderson and Smith failed to protect him from assault may also proceed. *See* 28 U.S.C. § 1915(e)(2)(B).

However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief can be granted.

As to plaintiff's claim that defendants Mahlman, Smith, Anderson, and Joseph failed to take any disciplinary action and ignored evidence in the investigation of the incident, this claim should be dismissed because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Accordingly, plaintiff's claims pertaining to the investigation of the incident must be dismissed.

Plaintiff's claims against defendant Medical Department are also subject to dismissal under § 1915(e). Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983 and defendant Medical Department is not a person within the meaning of § 1983. *See, e.g.*, *Hay v. Cuyahoga County Jail Medical Dept.*, No. 1:11-cv-2652, 2012 WL 262582, at *2 (N.D. Ohio Jan. 27, 2012) ("Jails and jail medical departments are not 'persons' within the meaning of § 1983."). Accordingly, plaintiff's claims against the Medical Department

Department should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's conspiracy claims against defendants Mohr, the Use of Force Committee and the State Highway Patrol must also be dismissed. Conspiracy claims "must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff has alleged no facts in support of his conspiracy claim from which the Court can reasonably infer that these defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, plaintiff's conspiracy claims against defendants Mohr, the Use of Force Committee and the Highway State Patrol should be dismissed.

In addition, to the extent the complaint names Mohr as a defendant because of his supervisory position in the prison, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that defendant Mohr is the director of the Ohio Department of Rehabilitation and Correction is not enough to impose liability on him under section 1983. Therefore, plaintiff's section 1983 claims against defendant Mohr should be dismissed.

Plaintiff's claims against defendant William Bauer should also be dismissed. Plaintiff's sole allegation concerning defendant Bauer is that he, along with defendants Joseph and Smith,

was involved in a separate assault against another inmate in 2006. (*See* Doc. 1, Complaint p. 9). Plaintiff has made no allegation whatsoever that defendant Bauer was involved in the February 5, 2011 incident nor can the Court reasonably infer that he otherwise violated plaintiff's constitutional rights. Accordingly, plaintiff's claims against defendant Bauer should be dismissed.

Finally, plaintiff's claims against the defendants in their official capacities must also be dismissed. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions actions against state officials in their official capacities are included in this bar. *Will v. Michigan Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named defendants are immune

from suit in their official capacities.

Accordingly, in sum, plaintiff's claims against defendants Medical Department, Gary C. Mohr, Use of Force Committee, State Highway Patrol, and all defendants named in their official capacities should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's claims pertaining to the investigation of the incident against defendants Mahlman, Smith, Anderson, and Joseph should also be dismissed. Having found that plaintiff has alleged sufficient facts to state a claim for excessive force against defendants Anderson and Smith; failure to protect against defendants Joseph, Anderson and Smith; and that defendants Joseph, Smith, Mahlman, and Anderson conspired to conceal and cover up the assault, these claims may proceed.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendants Medical Department, Gary C. Mohr, Use of Force Committee, Highway State Patrol, William Bauer and all defendants named in their official capacities be **DISMISSED** on the ground that they fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff's failure to investigate claims against defendants Mahlman, Smith, Anderson, and Joseph should also be **DISMISSED**.

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the Complaint, summons, the

separate Order granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Joseph, Smith, Mahlman, and Anderson as directed by plaintiff. All costs of service shall be advanced by the United States.

  2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

  3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

This 16th day of May, 2012

Signed By:
J. Gregory Wehrman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LAMOND JOHNSON,  
    Plaintiff,

vs

C/O MEL SMITH, et al.  
    Defendants.

Case No. 1:12-cv-216

Beckwith, J.  
Wehrman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).