UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL CASE NO. 12-216-SSB-JGW

**LAMOND JOHNSON**                                               **PLAINTIFF**

**V.**

**MEL SMITH, et al.**                                               **DEFENDANTS**

### REPORT AND RECOMMENDATION[1]

Pending is a motion for summary judgment filed by defendants Melvin Smith, Jason Joseph, Michael Anderson and Linnea Mahlman (collectively "defendants"). Doc. 17. After examining the record and applicable law, I recommend that the motion be granted.

**I. Factual and Procedural Background**

In March 2012, plaintiff Lamond Johnson submitted a motion for leave to proceed in forma pauperis, a motion to appoint counsel and a tendered complaint. Docs. 1,2. The Court ordered plaintiff to submit a certified copy of his inmate trust fund account statement [Doc. 3], which defendant did in April 2012. Docs. 5-6. The record does not reveal any subsequent action taken by plaintiff.

In May 2012 the Court granted plaintiff's motion to proceed in forma pauperis [Doc. 7] and plaintiff's pro se 42 U.S.C. §1983 complaint was filed. Doc. 8. The complaint named Smith, Joseph, Anderson and Mahlman as defendants, along with William Bauer, the Ohio State Highway Patrol, the Southern Ohio Correctional Facility ("SOCF") Use of Force Committee and the SOCF Medical Department as defendants. Plaintiff's first claim was an excessive force

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

1

claim in which plaintiff alleged that Anderson put handcuffs and shackles on plaintiff too tightly and that Smith punched plaintiff in the face twice.  Plaintiff's second claim was that defendants Joseph, Smith, Mahlman and Anderson conspired to conceal the assault on plaintiff and lied during the ensuing investigation.  The third claim was that Joseph, Anderson and Smith failed to protect plaintiff from the assault.  The fourth claim was that Mahlman, Smith, Anderson and Joseph were deliberately indifferent to plaintiff's safety.  The fifth and sixth claims alleged deliberate indifference to plaintiff's serious medical needs and a conspiracy to harm plaintiff, as purportedly evidenced by the Medical Department's consistent lies about prisoners' medical injuries and failure to provide plaintiff with stitches which he needed.  The final claim was that SOCF was deliberately indifferent to prisoners' safety, as purportedly evidenced by the bias displayed by the SOCF Use of Force Committee and the State Highway Patrol.

On May 16, 2012--the same date the Court granted plaintiff's motion to proceed in forma pauperis and plaintiff's complaint was permitted to be filed-- the Court issued a report and recommendation recommending that plaintiff's claims against defendants Medical Department, Mohr, the Use of Force Committee, the State Highway Patrol, Bauer and all official capacity claims against all defendants be dismissed.  Doc. 9.  The Court also recommended that the failure to investigate claims against defendants Mahlman, Smith, Anderson and Joseph should be dismissed.  *Id.*  In June 2012, after the time for filing objections had expired without plaintiff having taken any action, Judge Beckwith adopted the report and recommendation.  Doc. 12.  The remaining claims thus are an excessive force claim against defendants Anderson and Smith; a failure to protect claim against defendants Joseph, Anderson and Smith, and a conspiracy to conceal and cover up the assault claim against defendants Joseph, Smith, Mahlman and

2

Anderson.  *Id.*

Later in June 2012, defendants filed an answer.  Doc. 14.  Section fifteen of defendants' answer listed as an affirmative defense that "[p]laintiff's claims are barred, pursuant to 42 U.S.C. § 1997e(a), because he has failed to exhaust administrative remedies."  *Id.* at p. 3.

In October 2012 the Court issued an order requiring discovery to be completed by January 4, 2013 and any dispositive motions to be filed by February 4, 2013.  Doc. 16.  Defendants filed their motion for summary judgment on February 4, 2013.  Doc. 17.

**II. Analysis**

Defendants raise two issues in their motion for summary judgment which will be addressed in this report and recommendation.[2]  First, they argue that the action should be dismissed with prejudice due to plaintiff's failure to prosecute his claims.  Second, they contend plaintiff's claims must fail because plaintiff failed to exhaust his administrative remedies.  Both arguments are meritorious.

**A. Dismissal Due to Plaintiff's Failure to Prosecute His Claims**

Federal Rule of Civil Procedure 41(b) provides in relevant part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  When considering whether to dismiss a case for failure to prosecute a court should consider factors such as: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced

---

[2]Defendants also argue that they are entitled to qualified immunity but that issue need not be addressed by the Court because plaintiff's claims must fail based on his lack of prosecution and his failure to exhaust his administrative remedies.

by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The only reasonable conclusion to be drawn from the record is that plaintiff's failure to participate meaningfully in this case has been willful. There is no indication that plaintiff did not receive the Court's October 2012 scheduling order or defendants' motion for summary judgment.[3] Plaintiff's complete lack of participation in this action demonstrates an intent to thwart the judicial process. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 739 (6th Cir. 2008) ("A finding of fault in this context requires evidence that the plaintiff intended to 'thwart' the judicial proceedings or had a 'reckless disregard' for the effect that his conduct would have on the case."). At a minimum, plaintiff's lack of participation in this case, including letting the discovery deadline pass without conducting any discovery and failure to respond to the motion for summary judgment,[4] demonstrates plaintiff's "extreme dilator[iness] in not pursuing his claim, which indicates an intention to let his case lapse." *Id.*

"The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* (internal quotation marks omitted). Defendants do not assert

---

[3]The certificate of service in the motion for summary judgment recites that a copy was mailed to plaintiff at his place of incarceration. Doc. 17, p. 13.

[4]A court cannot grant summary judgment pursuant to Rule 41 "solely because the non-moving party has failed to respond to the motion within the applicable time limit." *Green v. United States*, 2013 WL 209019, at *2 (E.D.Ky. Jan. 17, 2013).

4

any specific time or money they wasted trying to get plaintiff to participate in this case (i.e., there is no indication that plaintiff failed to answer discovery requests). However, "Defendants have had to obtain counsel and defend against Plaintiff's Complaint; they would be prejudiced if required to proceed further and defend in circumstances where Plaintiff has now willfully declined to fight off a merits dismissal argument." *Kleiman v. Hurley*, 2010 WL 5599528, at *2 (E.D.Ky. Dec. 20, 2010).

The Court has not previously warned plaintiff that his failure to cooperate could lead to the dismissal of this action. However, defendants' motion for summary judgment asked the Court to dismiss the action due to lack of prosecution, thereby putting plaintiff on notice that this action could be dismissed. In addition, the issuance of this report and recommendation provides plaintiff additional notice that his claims are in imminent danger of being dismissed.[5]

Finally, it is unclear what remedy short of dismissal is appropriate. Plaintiff has taken no discernible action toward resolving this case since submitting his prison trust fund account statement in April 2012. Although the dismissal of a claim for failure to prosecute is a "harsh sanction which the court should order only in extreme situations[,]" *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993), plaintiff's complete lack of meaningful participation in this case is so drastic and extreme as to warrant dismissal with prejudice. *See, e.g., Williams v. Santiago*, 2009 WL 2886051, at *3 (E.D.Mich. Sept. 1, 2009) ("Finally, given plaintiff's complete failure to participate in this case since the filing of the complaint in January, 2009, the undersigned sees no

---

[5]There is also no inherent bar to dismissing an action for lack of prosecution without providing prior notice to the plaintiff. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) ("Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.").

5

utility in considering or imposing lesser sanctions.").

This action should be dismissed under Rule 41(b) due to plaintiff's complete failure to meaningfully prosecute it.

### B. Plaintiff Has Failed to Exhaust His Administrative Remedies

42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The term "with respect to prison conditions" applies to excessive force claims such as those raised by plaintiff. *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999). *See also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("we hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The exhaustion requirement is "mandatory." *Porter*, 534 U.S. at 524. Indeed, "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id.* In short, it is clear that plaintiff was required to exhaust his administrative remedies before filing this action. "When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate." *Hopkins v. Ohio Dept. of Corrections*, 84 Fed.Appx. 526, 527 (6th Cir. 2003).

"An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the critical procedural rules of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance on

the merits in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (internal quotation marks omitted).  Plaintiff has not exhausted his remedies because he has not taken advantage of "each step" of the prison grievance procedure available for prisoners under Ohio law.

> Ohio has established a procedure for resolving inmate complaints. Ohio Admin. Code § 5120–9–31. To properly exhaust a claim seeking relief "regarding any aspect of institutional life that directly and personally affects the [inmate]," an inmate at an ODRC [Ohio Department of Rehabilitation and Correction] facility must comply with its three-step grievance system. *Id.* For the first step, the inmate must submit an informal complaint to the staff member or to the direct supervisor of the staff member or to the department most directly responsible over the subject matter with which the inmate is concerned. Ohio Admin. Code § 5120–9–31(K) (1). If the inmate is not satisfied with the results at the first step, he may take the second step by filing a formal grievance with the inspector of institutional services at the prison where he is confined. Ohio Admin. Code § 5120–9–31(K)(2). That inspector will investigate the matter and issue a written response to the inmate's grievance within fourteen calendar days of receipt. *Id.* If the inmate is still dissatisfied, he may pursue the third step, which is an appeal to the office of the Chief Inspector of ODRC. Ohio Admin. Code § 5120–9–31(K)(3). An inmate does not exhaust his remedies under § 5120–9–31 until he has received a decision in an appeal to the office of the Chief Inspector.

*Rutherford v. Lamneck*, 2012 WL 1598905, at *6 (S.D.Oh. May 7, 2012).  As defendants point out, the record compels a conclusion that plaintiff did not pursue the third step, the appeal to the Chief Inspector.

 Plaintiff contended in his complaint that he exhausted his administrative remedies. Attached to the complaint are copies of what purport to be defendant's appeal to the Chief Inspector, dated March 2, 2011.  Doc. 8-1, Doc. 8-3.  Defendants persuasively show, however, that the form submitted by defendant "was fabricated and it was never filed with the office of the chief inspector."  Doc. 17, p. 8.

To support that claim, defendants provide two affidavits.  Antonio Lee, an assistant chief

inspector for the ODRC avers in his affidavit that he "handle[s] appeals from inmates as set out in Ohio Admin. Code 5120-9-31.  In addition, I am a custodian of the records of said appeals. . . . The office of the chief inspector of ODRC never received an appeal of the disposition of grievance regarding this [plaintiff's] complaint.  Therefore, Mr. Johnson did not progress to step three or exhaust the grievance procedure."  Doc. 17-1, §§2, 12.

The second affidavit provided by defendants is from defendant Linnea Mahlman. Mahlman avers in her affidavit that she has been the "institutional inspector at the Southern Ohio Correctional Facility ('SOCF') . . for 6 years."  Doc. 18-1, §2.  In that capacity, Mahlman investigated plaintiff's excessive force claim at issue in this action and "concluded that there was no merit to Mr. Johnson's claims that force was used against him on February 5, 2011."  *Id.* at §5.  Mahlman then avers that plaintiff "did not progress to step three of the inmate grievance procedure by filing an appeal with the office of the chief inspector of ODRC.  Therefore, Mr. Johnson did not exhaust the inmate grievance procedure regarding his allegations."  *Id.* at §11. Mahlman states that she "know[s]" the forms submitted by plaintiff regarding an alleged appeal to the chief inspector were "fabricated and never filed with the office of the chief inspector" because:

> (A) Neither I nor the office of the chief inspector have a record of this document.
> (B) At SOCF, I provide a blank appeal form with every disposition of grievance I issue to an inmate.  Before I do so, I write the inmate's name, number, and where he is housed on the back of the yellow copy of the appeal form.  This aids me in tracking appeals, and it helps avoid inmates trading forms or using forms from other institutions to misrepresent their actual progression through the grievance procedure.  My writing does not appear on the back of the yellow Appeal to the Chief Inspector form that Mr. Johnson filed with the Court.  Therefore, he did not use the appeal form I provided him with the February 28, 2011 Disposition of Grievance to timely progress to step three of the grievance process.
> (C) Furthermore, an inmate must mail his appeal to the office of the chief inspector of ODRC himself.  I checked Mr. Johnson's cashier records at SOCF

8

> for the time period of January 1, 2011 to January 10, 2013, and there are no postage charges for mailing to the office of the chief inspector. Therefore, he never filed the Appeal form that he now brings before the Court. . . .
> (D) During the time period between the issuance of the Disposition of Grievance on February 28, 2011 and the filing of this lawsuit, Mr. Johnson did not send me any informal correspondence (i.e., a "kite") asking me why the office of the chief inspector had not answered his alleged appeal.
> (E) Finally, Mr. Johnson was housed at the Ohio State Penitentiary ("OSP") after the February 5, 2011 incident, and then returned to SOCF prior to filing this lawsuit. He could have acquired a blank appeal form at OSP, or traded for one from another institution without markings from the institutional inspector on the back of the yellow copy. Marking on the back of the yellow copy is not a system-wide policy of ODRC. I do it as an extra precaution to protect against inmates attempting to make misrepresentations within and regarding the grievance procedure.

*Id.* at §14.

Summary judgment is proper only if the facts on file with the court demonstrate not only that no genuine issue of material fact remains to be resolved but also that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party may discharge its burden by "pointing out . . . an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party cannot rest on its pleadings, but must identify specific facts that remain for the finder of fact at trial. *See id.* at 324. Although all inferences are drawn in favor of the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), the nonmoving party must present significant and probative evidence in support of its complaint. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

The court's function is not to weigh the evidence and determine the truth of the matters asserted, but to determine whether a genuine issue of material fact remains for a fact finder at trial. *Id.* at 249. The inquiry is whether the evidence presents a "sufficient disagreement to

require submission [of the case] to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.  The court reviewing a summary judgment motion need not search the record in an effort to establish the lack of genuinely disputed material facts. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).  Rather, the burden is on the nonmoving party to present affirmative evidence to defeat a properly supported motion, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989), and to designate specific facts that are in dispute. *Anderson*, 477 U.S. at 250; *Guarino*, 980 F.2d at 404-05.

Consistent with his having taken no discernible action in this case since April 2012, plaintiff has offered nothing in response to the affidavits of Lee and Mahlman, each of which convincingly demonstrates that plaintiff did not complete step three of the inmate grievance process.  By not responding and instead simply resting on his complaint, plaintiff has not met his burden to present affirmative evidence to defeat defendants' properly supported motion for summary judgment.  Moreover, in light of the specific and uncontroverted affidavits from Lee and Mahlman, it is not reasonable to believe that the forms submitted by plaintiff purporting to be his appeal to the chief inspector are genuine.  As the Supreme Court has held, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Because plaintiff's "version of events is so utterly discredited by the record" and is based on "visible fiction[,]" *id.* at 380-81, the Court should conclude that there is no genuine issue of fact regarding plaintiff's failure to exhaust his administrative remedies.  Defendants' motion for summary judgment accordingly should be granted.

### III. Recommendation

For the foregoing reasons, it is **RECOMMENDED:**

Defendants' motion for summary judgment [Doc. 17] should be **granted**.

Date: May 7, 2013                           s/ J. Gregory Wehrman
                                            J. Gregory Wehrman
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL CASE NO. 12-216-SSB-JGW

LAMOND JOHNSON                                                        PLAINTIFF

V.

MEL SMITH, et al.                                                         DEFENDANTS

NOTICE

Attached hereto is the Report and Recommendation of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).